UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSE LUIS LOPEZ-GONZALEZ,

        Defendant.

                                   /

Case No. 2:16-cr-20591-1

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [194]**

Defendant Jose Luis Lopez-Gonzalez moved for compassionate release to provide care for his sixty-five-year-old mother.[1] ECF 194. The Government opposed Defendant's request. ECF 196. The Court will deny Defendant's motion because he failed to exhaust the administrative requirements to be eligible for compassionate release.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's

---

[1] Defendant titled his motion "Motion for Compassionate Release/Reduction in Sentence under 3582(c)(1)(A) and 1B1.13" and wrote in part that the First Step Act of 2018 changed how mandatory minimum sentences should apply. ECF 194, PgID 644. But he listed the sentencing guideline section under his reasons for why "I'm requesting compassionate release." *Id.* And he certified that he placed the "foregoing motion for compassionate release" in the mailbox. *Id.* at 645. Defendant's references to the sentencing guidelines appear to support his argument for compassionate release. The Court will therefore construe the motion as a motion only for compassionate release and not for relief under USSG § 1B1.13.

1

request for the Bureau of Prisons to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Plus, it is Defendant's burden to establish that he has exhausted all his administrative remedies. *See United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020) (citation omitted).

Here, Defendant has not only failed to offer evidence that he has exhausted his administrative remedies, *see generally* ECF 194, but the Bureau of Prisons has no records that Defendant has exhausted his administrative remedies, ECF 196, PgID 655. Because Defendant has taken no concrete steps to meet the requirements of § 3582(c)(1)(A), Defendant failed to show that he exhausted his administrative remedies. The Court will therefore deny the motion for compassionate release without prejudice. Defendant may refile the motion after he has satisfied either condition of § 3582(c)(1)(A).

**WHEREFORE**, it is hereby **ORDERED** that the motion for compassionate release [194] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 18, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 18, 2024, by electronic and/or ordinary mail.

s/ R. Loury
Case Manager